**CHERIE LEMPERT, Plaintiff**

v.

**GERALD SINGER, JOAN SPARLING, and KEVIN D'AMOUR,
Defendants**

Civil No. 90-200

District Court of the Virgin Islands

Div. of St. Thomas and St. John

August 28, 1991

KATHERINE E. HARSCH, ESQ. (BORNN BORNN HANDY & RASHID),
Charlotte Amalie, St. Thomas, V.I., *for plaintiff*

NANCY D'ANNA, ESQ., St. John, V.I., *for defendant Gerald Singer*

BRITAIN H. BRYANT, ESQ. (BRYANT, WHITE AND ASSOCIATES, P.C.),
Christiansted, St. Croix, V.I., *for defendant Joan Sparling*

KEVIN F. D'AMOUR, ESQ. Charlotte Amalie, St. Thomas, V.I., *pro se*

CARTER, *U.S. District Judge, Sitting by Designation*

## MEMORANDUM

In an earlier opinion, with which familiarity is assumed, the court granted summary judgment to defendants Gerald Singer and Joan Sparling, and denied summary judgment to defendant Kevin D'Amour. Lempert v. Singer, — F. Supp. —, 1991 WL 107257 (D.V.I. June 17, 1991) (Carter, J.). Sparling and Singer have now moved for entry of final judgment in their favor pursuant to Rule 54(b), F.R.Civ.P.

██ ██ Rule 54(b) provides for the entry of final judgment with respect to fewer than all of the parties to an action "only upon an express determination that there is no just reason for delay." Rule 54(b), F.R.Civ.P. The purpose of this rule is "to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." Allis-Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, 363 (3d Cir. 1975); see also Panichella v. Pennsylvania R.R. Co., 252 F.2d 452, 454 (3d Cir. 1958). The decision to certify a final judgment under Rule 54(b) is committed to the discretion of the district court, taking into account the interest of sound judicial administration as well as the equities of the case. Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980); Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 437 (1956).

██ Upon reflection, and upon consideration of the submissions of the parties, the court has determined that certifying a final judgment at this time could result in a waste of the time and resources of the Court of Appeals. In particular, if it is determined at trial that D'Amour discussed the existence and location of the easement with Lempert prior to the closing, Lempert's assertions that she was harmed by reliance on the alleged misrepresentations or non-disclosures by Sparling with respect to those facts will be completely refuted. A fortiori, Lempert's claim that Singer is vicariously liable for Sparling's actions would also necessarily fail. Thus, any dispute as to the correctness of this court's legal conclusions in its summary judgment decision may become moot. The court may properly deny Rule 54(b) certification based on "the possibility that the need for review might . . . be mooted by future developments in the district court." Allis Chalmers, supra, 521 F.2d at 364; see Panichella, supra, 252 F.2d at 455; see also Curtiss-Wright Corp., supra, 446 U.S. at 6, 8.

381

Against this concern, the court must weigh Sparling's concern that the continued pendency of the litigation is having an adverse effect on her credit rating and professional reputation. See Allis-Chalmers, supra, 521 F.2d at 364 (requiring a balancing of relevant factors); Manufacturers Hanover Overseas Capital Corp. v. Southwire Co., 589 F. Supp. 214, 220 (S.D.N.Y. 1984) (Carter, J.) (requiring a showing of hardship for a Rule 54(b) certification). This concern is particularly salient because Lempert's claim against Sparling borders on the frivolous.

■ If there were no possibility of wasteful piecemeal appeals, the court would be inclined to grant Sparling's motion on this basis. However, weighing in the balance the concern that granting the motion could cause the Court of Appeals to consider issues that may soon become moot, the court concludes that this is not the "infrequent harsh case" meriting a Rule 54(b) certification. Allis-Chalmers, supra, 521 F.2d at 365; Panichella, supra, 252 F.2d at 455; see also Curtiss-Wright Corp., supra, 446 U.S. at 9–10; Arlinghaus v. Ritenour, 543 F.2d 461 (2d Cir. 1976); Manufacturers Hanover, supra, 589 F. Supp. at 220–21. That is, the court cannot say that there is "no just reason for delay." Rule 54(b), F.R.Civ.P. Therefore, in the exercise of the court's discretion and in the interest of sound judicial administration, the motions of Sparling and Singer for final judgment are denied.

Sparling has moved for costs and attorney's fees pursuant to 5 V.I.C. § 541. She subsequently has moved for leave to withdraw that motion without prejudice and with leave to refile it after entry of final judgment. There being no opposition, the motion for leave to withdraw is granted.

Singer, too, has moved for costs and attorney's fees pursuant to 5 V.I.C. § 541. In the interest of judicial economy, consideration of the motion is deferred until final judgment after trial.

D'Amour has moved for the admission of Countess Pease Jeffries as an attorney pro hac vice in this case. Because the court is satisfied in regard to Jeffries' qualifications, the motion is granted.

An appropriate order will be entered.

### ORDER

For the reasons set forth in the court's memorandum of this date,

It is, this 28th day of August, 1991, hereby

ORDERED that defendant Joan Sparling's motion for entry of final judgment is denied;

ORDERED that defendant Gerald Singer's motion for entry of final judgment is denied;

ORDERED that defendant Joan Sparling's motion for attorney's fees is withdrawn, without prejudice, and with leave to refile the motion at an appropriate time;

ORDERED that consideration of defendant Gerald Singer's motion for attorney's fees and costs is deferred until final judgment is entered after trial; and

ORDERED that Countess Pease Jeffries is admitted as an attorney pro hac vice in the above-captioned matter, and that the Clerk may administer the customary oath.